HARTNETT v. OWOSSO SUGAR CO.

1. MASTER AND SERVANT—PERSONAL INJURIES—FELLOW-SERVANTS.
   In an action by a servant for injuries sustained in operating a dredge, evidence examined, and *held*, that, if the fireman was negligent in testing the machinery at the moment plaintiff slipped and placed his hand on it, it was clearly the negligence of a fellow-servant.

2. APPEAL AND ERROR—QUESTIONS CONSIDERED—SUFFICIENCY° OF ASSIGNMENTS.
   In an action by a servant for personal injuries, requests to charge that no recovery can be had on either count of the declaration, exceptions to their refusal and error specifically assigned upon such exceptions are sufficient to raise the question of the application of the rule of fellow-servant.

Error to Bay; Collins, J. Submitted February 2, 1907. (Docket No. 2.) Decided March 26, 1907.

Case by Daniel Hartnett against the Owosso Sugar Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

Plaintiff was employed on a dredge operated by defendant. The dredge was 78 feet long, 31 feet wide, and had a main deck, cabin roof, and upper cabin roof. There were three anchors, called "spuds," two of them at the forward and one at the rear end of the dredge, used to keep the dredge in position, raised, when it was desired to move the dredge, by machinery, and falling of their own weight into the earth at the bottom of the canal or channel. The accompanying picture shows the spud and connecting apparatus above the cabin roof or upper deck of the dredge.

The piston, connecting with the clamp at the left, lower part of the picture, is operated by steam from a cylinder on the deck below. The action forces the clamp instant-

ly against the side of the spud and lifts the spud. Releasing the steam releases the clamp and allows the spud to fall. The operation is simple. ' About 9 o'clock on the morning of December 10, 1904, it was reported that the rear spud was stuck. The engineer sent a fellow workman of plaintiff to go on deck and attend to the matter. This workman called to plaintiff to go with him, and, having remedied the trouble, which was in the cylinder, told plaintiff to get an oil can and oil the parts. While doing this, he slipped, threw out his hand, caught the clamp at the instant that the fireman on the deck below tested the working order of the cylinder. His hand was pinched between the clamp and the spud. Plaintiff was 43 years old. Two or three years before he was hurt he had worked on a dredge and handled the front spuds, which worked the same as those on the dredge in question. He had handled and worked the forward spuds, or one of them, on the dredge in question. The rear spud was in charge of a man (called " John Doe " in the declaration) named Howard. His duties were to fire the boiler and to raise and lower this spud. Plaintiff did whatever he was told to do, and had been employed by defendant from October 20th to the date of his injury. Testimony on the part of plaintiff tended to prove that the second deck, on which he stood when he was hurt, was sloping, was covered, in places, with ice, and had no railing. There was testimony, also, which tended to prove that the fireman was either careless or incompetent in managing the boiler; none that he was careless or incompetent in working the spud. There was no testimony tending to prove that the want of railings or barriers, or that imperfect machinery or apparatus, had anything to do with plaintiff's injury, or that it occurred in any way other than is above described.

The declaration contains three counts. In the first two, the negligence of defendant averred is the employment, as fireman upon the dredge, of a person who " did then and there negligently, carelessly, and unskilfully start,

run, operate, and put in motion, without any signal being given him therefor, said steam cylinder and the machinery connected therewith and operated thereby on said dredge, thus causing serious and permanent injury to the person of plaintiff." The third count alleges that certain machinery and apparatus had been allowed to become worn and loose, and out of repair. That there was no rail, guard, or barrier around this apparatus or around the outer edge of the deck to prevent employés from falling or from being thrown off the deck into the water.

"That on the day and at the place last aforesaid, while plaintiff was in the performance of his duties, at and about said spud on said dredge, in obedience to the orders and commands of defendant, said spud, which had theretofore been raised, by reason of the fault and negligence, as aforesaid, of defendant in suffering and permitting said dredge, machinery, tools, and appliances to be and remain in an unsafe and dangerous condition, and not keeping and maintaining said spud and the machinery and appliances connected with it and by which it was started, operated, and controlled, in such a condition of repair that it would be safe for defendant's employés, said spud, suddenly and without warning, fell and dropped, causing serious and permanent injury to the person of plaintiff, as hereinafter stated. That, as a result of the negligence and carlessness of defendant in employing and retaining in its employ, said Doe, as aforesaid, and in suffering and permitting its dredge and steam cylinders, cogs, spuds, machinery, tools, and appliances therein and thereon to be and become unsafe, dangerous, and to be and remain out of repair, the spud aforesaid suddenly and rapidly dropped and fell as aforesaid, and caught the left hand of plaintiff in and between the cogs, teeth, wheels, machinery, and appliances in, on, and about said spud."

The case was submitted to the jury upon the theory of defendant's negligence in employing and in keeping in its employ the fireman; the jury being instructed that whether he was incompetent and unfit, whether due care was employed in hiring and in keeping him, and whether his incompetency and unfitness in the performance of his duty was the cause of the injury, were questions to be determined from the evidence.

*Keena, Lightner & Oxtoby*, for appellant.

*Brakie J. Orr*, for appellee.

OSTRANDER, J. (*after stating the facts*). It will be unnecessary to consider most of the assignments of error which are relied upon by counsel for appellant. It is evident the trial court was of opinion that no recovery could be had under the third count of the declaration. The jury were not so instructed; but we assume it was understood, from the charge delivered, that to support a verdict for plaintiff it must, among other things, be found "that it was Howard's (the fireman's) incompetency and unfitness in the performance of his duty, and the doing of an act which was the result of his unfitness and incompetency that caused the injury," and that the jury so found. The only act of the fireman which contributed to the injury of the plaintiff was the turning of steam into the cylinder. No one pretends to say that he did not do this act in a proper way. As to whether he did it at a proper time, the evidence is that, when it is desired to move the dredge, whistles are blown as signals, and there is evidence tending to show that no whistle was blown on this occasion. But the undisputed evidence is, also, that it was a proper thing for the firemen, the spud having stuck and been released, to ascertain whether it was in working order. The fireman could not see plaintiff. The testing of the apparatus was attended ordinarily with no danger to any one. Three concurrent acts made the injury possible— the slipping of plaintiff on the deck, the clutching of the clamp, the turning of steam into the cylinder. The competency or incompetency of Howard, as a fireman, had nothing to do with it; and if he was competent to perform that duty, and his action was, in any respect, negligent, it was clearly the negligence of a fellow-servant of plaintiff. *Bergstrom* v. *Staples*, 82 Mich. 654.

It is asserted in the brief for appellee that there are no assignments of error, relied upon, which permit this court to consider the question of the application of the

fellow-servant rule. We find specific requests to charge that neither under the first nor the second count of the declaration can a recovery be had, exceptions to the refusal to so charge, and error specifically assigned upon such refusal. The twelfth request to charge is to the effect that plaintiff assumed the risk of the negligence of a fellow-servant, and error is assigned upon the refusal to charge as requested. It is assumed, and correctly, in the brief for appellant, that the injury was occasioned because of the action of a fellow-servant of plaintiff, and some 16 pages of the brief is devoted to a discussion of the subject of negligence in the employment of the fireman and negligence in retaining him. *Bergstrom* v. *Staples*, supra, and *Walkowski* v. *Consolidated Mines*, 115 Mich. 629 (41 L. R. A. 33), are expressly relied upon. There was no evidence to support a verdict under either count of the declaration, and the jury should have been so told.

The judgment is reversed, and a new trial granted.

McALVAY, C. J., and CARPENTER, HOOKER, and MOORE, JJ., concurred.